# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| KEITH STANLEY YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1880-RWS |
| | ) | |
| RHONDA PASH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's December 2, 2013 amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #16] and motion for leave to proceed in forma pauperis [Doc. #2]. In addition, petitioner has filed a "Motion for Leave to File Supplement and Amended Combined Emergency Petition for Writ of Habeas Corpus Ad Subjiciendum and Petition for Writ of Outi Timet, or in the alternative Writ of Error Nobis and Audita Querela or other relief under All Writs Act" [Doc. #15], which the Court will grant in part and deny in part, as more fully set forth below. Upon consideration of petitioner's financial information, the Court finds that he is financially unable to pay any portion of the filing fee, and therefore, petitioner will be granted leave to proceed in forma pauperis. Having carefully reviewed the amended petition and supplement [Docs. #16 and #15, pages 1-22], and for the reasons stated below, the Court will dismiss this action

pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

## The Amended Petition and Supplement

Petitioner states that he was convicted in 1981 of rape, sodomy, and felonious restraint, and that on October 1, 2010, he was "conditionally released/paroled" to the St. Louis Community Release Center. Petitioner further states that after testing positive for marijuana, the Missouri Board of Probation and Parole ("the Board") revoked his parole.

Petitioner complains that he was not afforded any procedural safeguards prior to the revocation hearing on December 9, 2010, including written notice and an opportunity to be heard in person and to present and cross-examine witnesses. Petitioner claims that he was "seriously prejudiced [in] his ability to adequately prepare for the revocation hearing," in violation of his due process rights. He further claims that the Board ignored his efforts to be a productive member of society and that its revocation decision constituted a gross abuse of discretion. Petitioner states that he challenged the revocation, "fil[ing] writs of habeas corpus in the state, appeals, and Missouri Supreme Court," and that on September 25, 2012, the Missouri Supreme Court denied him relief.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

The procedures that a state parole board employs to make parole decisions are generally not required to comport with constitutional standards of fundamental fairness, "[u]nless there is a liberty interest in parole. . . ." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir.1995) *citing Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982); *cf. Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997) ("It is . . . axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). Additionally, the Missouri parole guidelines are not mandatory. *See* 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances

may warrant decisions outside the guidelines."). Thus, Missouri's parole guidelines do not create a constitutionally-protected liberty interest such that petitioner would be entitled to relief on the habeas petition presently before this Court.

Although petitioner states that "the revocation and parole process in [Missouri] in and of itself confers a protected liberty interest," the Missouri state courts, as well as the Eighth Circuit, have held that Missouri parole statutes create no liberty interest in parole or in the Board's discretionary decisions. *See State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 134 (Mo. 1995); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, petitioner's challenges to the process he received at his revocation hearing fail to state a claim for relief. *See also Boersig v. Missouri Dep't of Corr.*, 959 S.W.2d 454, 456 (Mo. banc 1997) (Missouri's parole statute creates no liberty interest in parole); *Ladd v. Missouri Bd. of Prob. and Parole*, 299 S.W.3d 33, 39-40 (Mo. App. W.D. 2009) (same).

In addition to his motion to supplement the instant amended habeas petition, petitioner has requested leave to file an "Amended Combined Emergency Petition for Writ of Habeas Corpus Ad Subjiciendum and Petition for Writ of Outi Timet, or in the alternative Writ of Error Nobis and Audita Querela or other relief under All Writs Act" [Doc. #15, pages 23-58]. Upon review, the Court notes that, in these

documents, petitioner appears to be challenging his 1981 conviction and sentence,[1] rather than the 2010 revocation of parole, which is the subject of the instant amended habeas petition. Moreover, the various tendered petitions and writs were not drafted on Court-provided forms, making it difficult to both ascertain and review petitioner's claims.[2] For these reasons, the Court will deny petitioner leave to file the December 2, 2013 "Amended Combined Emergency Petition for Writ of Habeas Corpus Ad Subjiciendum and Petition for Writ of Outi Timet, or in the alternative Writ of Error Nobis and Audita Querela or other relief under All Writs Act" [Doc. #15, pages 23-58]. The denial will be without prejudice to refiling petitioner's claims on a Court-provided form(s) in a separate action(s), if petitioner wishes to do so.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's "Motion for Leave to File Supplement and Amended Combined Emergency Petition for Writ of Habeas Corpus

---

[1]Petitioner argues that his appointed counsel was constitutionally ineffective at the trial, post-conviction-relief, and appellate stages of his 1981 criminal conviction.

[2]On September 27, 2013, the Court advised petitioner that his habeas corpus petition must be filed on a Court-provided form.

Ad Subjiciendum and Petition for Writ of Outi Timet, or in the alternative Writ of Error Nobis and Audita Querela or other relief under All Writs Act" [Doc. #15] is **GRANTED IN PART AND DENIED IN PART**. The Court will allow petitioner to file the supplement to his amended habeas corpus petition [Doc. #15, pages 1-22] and will deny the motion in all other respects [Doc. #15, pages 23-58]. The denial is without prejudice to refiling petitioner's claims on a Court-provided form(s) in a separate action(s), if petitioner wishes to do so.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4], motion for transcript [Doc. #5], motion for evidentiary hearing [Doc. #6], and motion to file a "combined petition" [Doc. #7] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's "Application for Stay and Abeyance" [Doc. #8][3] and motion for certificate of appealability [Doc. #14] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docs. #16 and #15, pages 1-22] is **DENIED** without prejudice. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

---

[3]Petitioner's motion to stay addresses statute-of-limitations and tolling issues. The instant case, however, does not involve tolling issues at this time, but rather whether in the State of Missouri petitioner has a liberty interest in parole.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th Day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE